*779 GRABER, Circuit Judge,
dissenting:
I agree with Paragraphs 1 and 2 of the disposition but respectfully dissent from Paragraph 3.1 would affirm the judgment in its entirety.
In my view, the state courts reasonably concluded that the additional alibi evidence would not likely have altered the verdict, even if the lawyer had presented it to the jury. See Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that prejudice must be shown to grant relief on a claim of ineffective assistance of .counsel). The state court’s findings of fact were not unreason: able. See Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir.2003) (stating standard). The state court pointed to the following pieces of evidence, among others, which demonstrated O’Brien’s guilt overwhelmingly:
• Co-perpetrator Wellman testified and identified O’Brien as the shooter.
• Co-perpetrator Dickson testified and he, too, identified O’Brien as the shooter.
• O’Brien’s friend Petty testified that he had loaned O’Brien his. 20 gauge shotgun on the morning of the murder, which O’Brien returned to him the same day, after the time of the murder, along with a box of ammunition missing one shell. According to the shopkeeper, a man fitting O’Brien’s description was .present, along with men fitting the descriptions of his two co-perpetrators, when that box of ammunition was purchased on the morning of the murder. The co-perpetrators confirmed that it was the three of them who acquired the ammunition. The box of shells, from which one was missing, was consistent with the type that killed Smelser.
• O’Brien told his friend Michaud on the morning of the murder that he was'heading out to get marijuana, money, and dirt bikes. Later, he told her that the murder was “what went wrong” when he went to obtain the drugs and money.
• O’Brien told his friend Sargent that he had killed someone for a “wad of cash” that he showed Sargent a couple of days after the murder. O’Brien told Sargent that the cash totaled about $2,400.
• Late in the morning on the day of the murder, O’Brien talked to his friend An-schultz, whom' he told that he had $2,500 with which he wanted to buy marijuana. When Anschultz asked where he hád obtained the money,' O’Brien said he did not want to talk about it on the phone.
• Similarly, O’Brien told his friend La-Certe on the day of the murder that he had “a couple [of] grand” with which he wanted to buy marijuana.
'' • Other testimony showed 'that O’Brien had been to Smelsér’s house before and knew that marijuana was sold there.
• Moreover, the defense presented — and the jury rejected — similar alibi evidence.
For those reasons, I would affirm.